HAIL DRY GOODS COMPANY *v.* DOWELL.

Opinion delivered February 9, 1931.

*Cole & Poindexter,* for appellant.

*Fred M. Pickens,* for appellee.

HUMPHREYS, J. The referee in bankruptcy of the partnership of Dowell Brothers Mercantile Company, composed of Foster B. Dowell, Taylor G. Dowell and E. V. Holt, who had been and were engaged in business at Tuckerman, brought suit for the benefit of creditors in the circuit court of Jackson County against appellees on the 2d day of March, 1929, to foreclose a deed of trust executed by them upon their homestead on the 27th day of February, 1927, as additional security to secure the partnership indebtedness of Dowell Brothers Mercantile Company.

Appellees filed an answer admitting the execution of the deed of trust but alleging its invalidity for failure of consideration.

The cause was submitted upon the pleadings and testimony, resulting in a decree canceling the deed of trust and adjudging the costs against appellant, from which is this appeal.

The facts reflected by the record are, in substance, as follows: Foster B. Dowell, one of the appellees, had been sole manager of the partnership business of the Dowell Brothers Mercantile Company at Tuckerman. The partnership had done an extensive credit business

upon which it could not realize sufficient cash to pay the creditors and continue the business. Upon advice of attorneys a letter was written and mailed to the creditors on February 8, 1927, informing them of its predicament and offering to make them an assignment of all its assets and a deed of trust as additional security of certain incumbered real estate, and lots 5 and 6, block 2, Dowell and Hall's First Addition to the town of Tuckerman, which lots constituted the home of appellees, provided they would allow the business to be operated by a trustee until January 1, 1928, in an effort to collect the outstanding accounts and notes and convert the other assets into money for the payment of the partnership indebtedness. Pursuant to the letter or notice, appellees executed the deed of trust, including their homestead, to W. P. Davis, trustee, on the 28th day of February, 1927, and on the same day a collateral agreement or assignment conveying all the assets of the partnership to W. P. Davis, trustee, for the purposes aforesaid. The collateral agreement was referred to in the deed of trust. The instruments were executed with the understanding that said business should be continued by the trustee until the first day of January, 1928. Full power and authority was given the trustee in the agreement to conduct the business, to collect the accounts and notes and to apply the receipts, after deducting necessary expenses, to the liquidation *pro rata* of the debts of the partnership, and, in case the amount realized by that time was insufficient to pay the debts, then to sell the real estate described in the deed of trust and apply the proceeds to the further payment of said indebtedness. On March 8, 1927, another letter was written to the creditors informing them of the execution of the instruments and that the trustee was in possession of the stock of goods and other assets of the partnership and operating the business under the terms of the agreement or assignment. After operating the business about sixty days, a committee of the creditors requested the trustee to close the store and institute bankruptcy proceedings. All of the assets of the part-

nership and real estate described in the deed of trust, except the homestead of appellees, were sold and administered in the bankruptcy proceedings. There being insufficient assets to pay the partnership indebtedness, appellants brought this suit to foreclose the deed of trust upon appellees' homestead.

According to the facts detailed above, it is apparent that the only consideration moving to appellees for the execution of the deed of trust on their homestead was that the business might be carried on until January 1, 1928, thereby giving Foster B. Dowell a chance through the trustee to collect and pay off the indebtedness of his partnership in order to avoid bankruptcy proceedings. The very purpose for which the deed of trust was executed was defeated by throwing the business into bankruptcy. The only consideration for the deed of trust failed, and the court properly declared a cancellation thereof.

The trial court also correctly adjudged the costs against appellant, as the only purpose of the suit was to enforce a lien against appellees' homestead which was void on account of a failure of consideration.

No error appearing, the decree is affirmed.